UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RIDHWAN QURAISH,

Plaintiff,

v.

A. MARISA CHUN, et al.,

Defendants.

Case No. 26-cv-00941-WHO (PR)

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff Ridhwan Quraish alleges that a state court judge, the prosecutor, and defense counsel violated his federal constitutional rights in securing his criminal conviction. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

This federal civil rights action is DISMISSED because state court judges and prosecutors are immune from suit under section 1983, and defense counsel, whether a public defender or a private attorney, is not a state actor.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.

*See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Quraish alleges that a state court judge (A. Marisa Chun), the prosecutor (Annie Curtis-Sanchez), and defense counsel (Richard Shikman) violated his federal constitutional rights in securing his criminal conviction. (Compl., Dkt. No. 1 at 2-3.) These claims lack merit and will be dismissed.

Quraish's claims against the state court judge are DISMISSED because state judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). His claims against the district attorney are DISMISSED because a state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). And his claims against defense counsel are DISMISSED, whether he was a

United States District Court
Northern District of California

2

public defender or in private practice.  If Shikman was a public defender, he is immune because when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments, a public defender does not act under color of state law, which is an essential element of section 1983 action.  *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).  If Shikman was a private attorney, he cannot be sued under section 1983 because he is not a state actor, which is also an essential element of such an action.  *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

**CONCLUSION**

This federal civil rights action is DISMISSED.  The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

**Dated:**  March 31, 2026



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California